AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Benjamin Charles Ackerman Jr. | ) | Case No.   8:26-mj-1052-LSG |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____January 12, 2026_____ in the county of _____Manatee_____ in the _____Middle_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with intent to distribute a controlled substance |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Brothers, Special Agent, DEA
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: ___1/12/26___

_____
*Judge's signature*

City and state:   _____Tampa, FL_____     HONORABLE LINDSAY S. GRIFFIN, U.S.M.J.
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ryan Brothers, Special Agent of the Drug Enforcement Administration ("DEA"), state:

### Introduction and Agent Background

1.  I am a Special Agent (SA) with the Drug Enforcement Administration (DEA), and I have been with the DEA since July 2019.

2.  I am currently assigned to the Tampa Division. I have been involved in a wide variety of investigative matters, including investigations targeting drug trafficking organizations ("DTO"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the course of these investigations, I have been the affiant in search warrant affidavits, coordinated the execution of search and arrest warrants, conducted physical surveillance, organized controlled purchases, analyzed records documenting the purchase and sale of illegal drugs, and communicated with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors finance, obtain, store, manufacture, transport, and distribute their illegal drugs. Accordingly, I have become familiar with some of the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits.

### Statutory Authority

3.  I submit this affidavit in support of a criminal complaint charging Benjamin Charles Ackerman Jr., (DOB 6/13/1980) ("**ACKERMAN**"), with possession with intent to distribute a controlled substance, namely, a mixture

containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), which **ACKERMAN** committed in the Middle District of Florida.

4.      The facts contained in this affidavit are based on my personal knowledge and on reliable information provided to me by other law-enforcement officers. Because of the limited purpose of this affidavit, I have not included each and every fact known to me, but only those facts that are necessary to establish probable cause in support of the requested complaint.

### **Probable Cause**

*Search Warrant and Arrest of Benjamin Ackerman on January 12, 2026*

5.      On January 12, 2026, DEA executed a federal search warrant and arrest operation related to **ACKERMAN**.

6.      At approximately 6:30 A.M., agents established surveillance in the vicinity of **ACKERMAN**'s trailer on the property of 1014 27th Street E., Bradenton, Florida ("TARGET LOCATION"). Through this investigation, the TARGET LOCATION was a suspected stash and distribution and location for **ACKERMAN**'s drug trafficking operations.

7.      At approximately 6:45 A.M., agents approached the TARGET LOCATION and conducted a knock-and-announce. After no answer agents breached a door to the TARGET LOCATION. Once the door was opened, **ACKERMAN** was standing by the door and was placed into custody without

incident. At the south-end of the residence, agents located a woman, F.D., and an infant.

8.      Once **ACKERMAN** was in custody, agents executed a search of the TARGET LOCATION pursuant to a search warrant.[1]

9.      The TARGET LOCATION had one bedroom at the north end which was located next to the bathroom and the entrance utilized by agents. A small hallway led to the kitchen and into the living room on the south-end.

10.     During a search of the TARGET LOCATION, in a bedroom on the northside of the trailer, there was a single bed with male clothing throughout. Additionally, in a dresser drawer, agents located mail addressed to **ACKERMAN** at the TARGET LOCATION. On a table there was a black digital scale. Underneath a pillow on the bed, agents located the following items:

> a.      A blue Ziploc-type bag containing multiple clear baggies with a brown powdery substance of suspected MDMA;
>
> b.      Two clear baggies weighing approximately 69.6 grams with an assortment of pills. The pills were field-tested utilizing a TruNarc which yielded positive results for methamphetamine.
>
> c.      A clear baggie containing multiple clear baggies with a white powdery substance of suspected cocaine;
>
> d.      A pair of dentures; and

---

[1] *8:26-mj-1040-AAS.*

3

e.       Two clear baggies with a brown powdery substance of suspected molly.



*Figure 1 - Assortment of suspected narcotics and cellphones located on ACKERMAN's bed.*

11.     Based on my training, experience and knowledge of this investigation I believe **ACKERMAN** distributes methamphetamine pills and cocaine. I believe **ACKERMAN** uses the northern most bedroom where the narcotics were located. I believe the dentures which were co-located with the suspected narcotics belonged to ACKERMAN.

4



*Figure 2 - TruNarc results of methamphetamine pills.*

12.     Agents attempted to conduct a *post-Miranda* interview with **ACKERMAN** but he was unwilling to speak with agents. However, **ACKERMAN** did request agents to provide him with his teeth, located in the northern bedroom.

## Conclusion

13.   For the reasons set forth above, there is probable cause that **ACKERMAN**, possessed with intent to distribute a controlled substance, namely

5

methamphetamine, in violation of 21 U.S.C. § 841(a)(1). I therefore request that

the Court authorize the arrest of **ACKERMAN** for this offense.

_____
Ryan Brothers, Special Agent
Drug Enforcement Administration


Affidavit submitted to me by reliable electronic means and attested to me as true and
accurate by telephone or other reliable electronic means consistent with Fed. R.
Crim. P. 4.1 and 41(d)(3) before me this ⎣2ᵗʰ day of January, 2026.

_____
HONORABLE LINDSAY S. GRIFFIN
United States Magistrate Judge

6