UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 8:26-cr-42-JLB-CPT
21 U.S.C. § 841(a)(1)

BENJAMIN CHARLES ACKERMAN, JR.

(Possession with Intent to
Distribute Methamphetamine)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Possession With Intent to Distribute Methamphetamine)

On or about January 12, 2026, in the Middle District of Florida, and elsewhere, the defendant,

BENJAMIN CHARLES ACKERMAN, JR.,

did knowingly and intentionally possess with intent to distribute a controlled substance. The violation involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).

Before BENJAMIN CHARLES ACKERMAN, JR. committed the offense charged in Count One, BENJAMIN CHARLES ACKERMAN, JR. had a final conviction for a serious drug felony, namely, a conviction for Conspiracy to Possess with the Intent to Distribute 50 Grams or More of Cocaine, in the United States

District Court for the Middle District of Florida, in case number 8:05-cr-144-T-27TGW, on or about June 5, 2006, for which he served more than twelve months of imprisonment and for which he was released from serving any term of imprisonment related to those offenses within 15 years of the commencement of the instant offense.

## FORFEITURE

1.     The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.     Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.     If any of the property described above, as a result of any acts or omissions of the defendant:

      a.     cannot be located upon the exercise of due diligence;

      b.     has been transferred or sold to, or deposited with, a third party;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property, which cannot be divided without difficulty,

2

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,



Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____
Samantha E. Beckman
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and Racketeering
Section

3

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

BENJAMIN CHARLES ACKERMAN, JR.

INDICTMENT

Violations: 21 U.S.C. § 841(a)(1)

A true bill

███████████████

Foreperson

Filed in open court this 4th day

of February 2026.

_____
Clerk

Bail $ _____