UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO. 8:26-cr-42-JLB-CPT

BENJAMIN CHARLES ACKERMAN, JR.

**UNITED STATES' OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL**

This Court should deny defendant Benjamin Ackerman's motion to compel filed at Doc. 26, because the defendant fails to articulate sufficient grounds to raise a claim under *Roviaro*.

## I.      Procedural Background

Ackerman was arrested on a criminal complaint January 12, 2026, following the execution of a search warrant the same date. Doc. 1.[1] On February 4, 2026, a federal grand jury returned a one-count indictment charging the defendant with possession with the intent to distribute methamphetamine. Doc. 13.

## II.     Factual Background

*Affidavit in Support of Search Warrant*

The affidavit in support of a search warrant for a trailer on the curtilage of 1014 27th Street E. in Bradenton, Florida, (target location) details a November 2025 debrief of a confidential source (CS1). CS1 is further qualified as a person receiving monetary compensation with a 2013 conviction for providing a false name.

---

[1] Ackerman was also arrested on an outstanding VOSR in case 8:05-cr-00144-MSS-TGW

The affidavit details a controlled purchase from the target location on December 8, 2025, coordinated with Ackerman over the telephone. CS1 identified a female as exiting the trailer and providing the narcotics. The affidavit next details a December 15, 2025, controlled purchase arranged with Ackerman over the phone. CS1 again identified a female as delivering the narcotics. The agent notes the recording for December 15, 2025, did not work but that the devices acted as a transmitter during the deal.

*Search Warrant Execution*

On January 12, 2026, federal agents executed a search warrant on a trailer on the curtilage of 1014 27th Street E. in Bradenton, Florida. Agents found Ackerman, an adult female, and an infant within the residence. Agents located a kilo press in the kitchen. Agents located narcotics in the bedroom, under a pillow and next to Ackerman's dentures.



The confidential informant was not present for the search warrant execution.

The controlled purchases made from the target location and facilitated by Ackerman are not charged in the instant case.

*Discovery Disclosure*

On March 4, 2026, agents met with counsel for Ackerman and showed her video from three controlled purchases made by CS1, noting a technical issue with the December 15, 2025, video which agents heard in real time but didn't' record. This included two purchases not charged and not mentioned in the affidavit.

## III. The Defendant's Motion

The defendant moves for the disclosure of the informant's identity because "the defense will be unable to vigorously advocate for Mr. Ackerman" without the disclosure. The defense points to two facts disclosed by the agent in an affidavit supporting the search warrant: the informant has a criminal history and the informant is being paid for their work. Doc. 26 at 6.

The defense seeks information on the specific facts of a 2013 conviction of the non-testifying informant at the suggestion that this conviction could establish a "vendetta" against Mr. Ackerman. *Id*. at 7.

## IV. Memorandum of Law and Argument

**The disclosure of the informant is not warranted under *Rovario*.**

The government's interest in asserting its privilege to withhold the identity of persons who furnish information of violations of law to officers is based in the public interest of effective law enforcement. *United States v. Roviaro*, 353 U.S. 53 (1957);

*Scher v. United States*, 305 U.S. 251, 25, 59 S. Ct. 174, 176 (1938). The court must balance three factors in determining if the disclosure of an informant is warranted: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and (3) the government's interest in non-disclosure. *Roviaro*, 353 U.S. 53 (holding disclosure warranted where the informant was a witness who arranged the interaction and played a prominent part in it); *United States v. Gutierrez*, 931 F.2d 1482 (11th Cir. 1991); *United States v. Tenorio-Angel*, 756 F.2d 1505 (11th Cir. 1985). The burden is on the defendant to show more than mere conjecture about the possible relevance the informant's testimony would play in establishing an asserted defense. *United States v. Kerris*, 748 F.2d 610, 614 (11th Cir. 1984).

The more involved an informant is the more likely it is that the defendant is entitled to disclosure. *United States v. Rutherford*, 175 F.3d 899 (11th Cir. 1999) (holding disclosure warranted where two informants were present with an agent during a drug deal and the defended on the basis of identity); *United States v. McDonald*, 935 F.2d 1212 (11th Cir. 1991); *Kerris*, 748 F.2d 610. In *Gutierrez*, the court held disclosure of an informant was not warranted where at least one government agent was present who could testify to everything that occurred. 931 F.2d 1482, 1491.

<u>(1) The informant is not a participant in the crimes charged.</u>

The informant was not present for the search warrant execution on January 12, 2026. Instead, CS1 coordinated drug transactions and made them at the target location. This information, along with potential motivators in the form of payment and convictions, was provided to the court in an affidavit seeking to search the location. The confidential informant's contact with the target location was on two occasions in December 2025. The search occurred in January 2026.

The text exchanges were provided to the defense for their inspection and the video recording that does exist was viewed by defense counsel. The informant is not a participant in the January 12, 2026, crime charged.

<u>(2) There is no connection between the speculative assertion of the informant's identity and a defense.</u>

First, there is no clear defense being made by the grounds cited in Ackerman's motion aside from the inability to "vigorously advocate for Mr. Ackerman." Doc. 26 at 7. The agent's affidavit, video of a controlled purchase, and text exchanges made by the informant were provided to the defendant through counsel. While the statement that the informant's payment is "integral to the defense's case," the motion doesn't say how. *Id*. at 6.

The defense says that these "issues, in part, go to the validity of the [search] warrant," but does not establish what the identity of CS1 would do to challenge the facts presented in the affidavit. The agent made a disclosure to the court that the informant was being paid and had a prior conviction more than ten years prior for

dishonesty. The defendant, through counsel, has been permitted to inspect the video available in this case. The agent also disclosed the technical issue with the recording to the court when seeking the warrant. There is no articulable connection between what CS1's identity has to do with the independent determination of probable cause to issue a warrant.

(3) The government has an interest in non-disclosure.

The safety of the confidential informant in this case is the government's interest in this case. Informants who cooperate face danger as "snitches." While Ackerman has not directly articulated a threat, the investigation intentionally shifted away from the informant to protect the identity of the informant by obtaining a warrant to search the premises suspected of storing narcotics.

In sum, the defendant's motion falls far short of raising a valid claim that warrants the court to balance the three *Rovario* factors in favor of disclosure. The informant is not a witness to the crime charged, their identity does not erase the facts giving rise to the search warrant issued in this case, and the government maintains an interest in maintaining the confidentiality of the informant. There is no basis for disclosure.

## V. No hearing is required

The defendant's motion is facially insufficient and is based on speculation. Likewise, it does not assert any clear connection between the informant's identity and any articulated defense.

## VI.   Conclusion

The defendant fails to meet his burden in establishing any connection between the informant and his defense. The motion should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:   */s/ Samantha E. Beckman*
Samantha E. Beckman
Assistant United States Attorney
Florida Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Samantha.beckman@usdoj.gov

**U.S. v. BENJAMIN CHARLES ACKERMAN      Case No.: 8:26-cr-42-JLB-CPT**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jessica Casicola, Esq.

By:     */s/ Samantha E. Beckman*
Samantha E. Beckman
Assistant United States Attorney
FL Bar No 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: samantha.beckman@usdoj.gov