**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                            **Case No. 8:26-CR-42-JLB-CPT**

**BENJAMIN ACKERMAN**
_____/

## REPLY TO UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

COMES NOW, the Defendant, BENJAMIN ACKERMAN, through undersigned counsel, and enters his reply to United States' Opposition to Defendant's Motion to Compel.

The defense replies specifically to two assertions the government makes. First, the government incorrectly asserts that the confidential source is not a participant in the crimes charge. Doc. 28 at 5. Second, the government rejects the defense argument that the identity and documents related to the confidential source are necessary to establish a valid defense. *Id.*

### I.    *Confidential Source as Participant in the Crime*

The government has created a legal fiction by removing the context and basis for the warrant from the execution of and ultimate indictment based on that warrant. While the government correctly asserts that the CS was not present when the search warrant was executed (*id.*), the warrant was based on the CS's actions and statements

to officers, and the crime here is not merely defined by the execution of the search warrant.

Law enforcement orchestrated the CS's purchase of narcotics from a location near the "target location" on two separate dates. Each of these purchases involved the CS. It is unlikely that the prosecution would agree that the purchases between the CS and (allegedly) Mr. Ackerman's proxy would not be raised at trial. For example, if the defense asserted that Phyllis Baker was acting alone when providing drugs to the CS, the prosecution would likely rebut this by seeking to enter into evidence the text messages allegedly between Mr. Ackerman and the CS. Likewise, the government may seek to enter into evidence the controlled buys. This makes those buys and the communications between the CS and Mr. Ackerman relevant and part of the criminal conduct. Moreover, if Mr. Ackerman was convicted, it is highly likely the prosecution and probation would use the sales as relevant conduct when determining a guideline range. While the government did not indict on the sales, they are certainly part of the entire criminal conduct at issue here.

What's more, without those orchestrated buys with the CS, there would have been no warrant and no indictment. The government should not be able to remove the entire basis from the warrant and indictment when it is convenient to avoid necessary disclosure to defense. If the government did not want to deal with CS disclosure issues, it should have investigated and prosecuted this case without the

help of a CS. But, it elected to rely on a CS and that decision put the identity and criminal history directly at the center of this case.

## II.    Mr. Ackerman's Defense

The government next contends that the CS's identity has no bearing on Mr. Ackerman's defense or his ability to challenge the warrant. Doc. 28 at 5. The defense walks a fine line in asserting the need for the identity and documents related to the confidential source and not divulging the defense strategy at trial. However, Mr. Ackerman has asserted a need for the information and identity related to the CS. The CS, in this case, is part and parcel with the alleged criminal conduct, as discussed above. As a result, the identity of the CS serves a pivotal role in Mr. Ackerman's defense.

Beyond there being a potential bias that defense would need to explore, the CS serves as a witness to the criminal conduct. For example, the CS would potentially be able to tell the defense who else was around the trailer at the time, if other people were coming in and out of the trailer. The undercover video shows none of the surrounding areas of the trailer. And, not to be forgotten, one entire undercover video was not recorded. As a result, the CS is the main witness to that interaction.

Finally, the validity of the warrant is predicated on the officer's conclusory statements about the CS's veracity and history.  Without the CS's identity and criminal history, there is no way for Mr. Ackerman to probe the validity of the

warrant.

Accordingly, Mr. Ackerman requests complete disclosure of the CS's identity, CS file and any related documents, and criminal history. Alternatively, the Court should order redacted disclosure of the aforementioned materials.

DATED this 12th day of May 2026.

Respectfully submitted,

CHARLES L. PRITCHARD
FEDERAL DEFENDER

***/s/ Jessica Casciola***
Jessica Casciola
Assistant Federal Defender
Florida Bar No. 40829
400 North Tampa Street, Suite 2700
Tampa, FL. 33602
Telephone: 813-228-2715
Fax: 813-228-2562
Email: Jessica_Casciola@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May 2026, a true and correct copy of the foregoing was furnished by CM/ECF to with the Clerk of the Court, which will send notice of the electronic filing to the following:

Samantha Beckman, AUSA

*/s/ Jessica Casciola*
Jessica Casciola
Assistant Federal Defender